**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAYRA ALDECOA,**

                **Plaintiff,**

**v.**                                         **Case No:   6:16-cv-404-Orl-40KRS**

**GREWAL ENTERPRISES, INC.,**

                **Defendant.**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE (Doc. No. 24)** |
| **FILED:** | **October 3, 2016** |

## I.    BACKGROUND.

      On March 9, 2016, Plaintiff Mayra Aldecoa initiated this case by filing a complaint against Grewal Enterprises, Inc.   Doc. No. 1.[1]   In the complaint, Aldecoa asserted that Grewal Enterprises failed to properly pay her overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.   Id.*

---

[1] Aldecoa also initially named Lakhwinder Grewal as a Defendant.   However, Aldecoa later voluntarily dismissed him as a Defendant in this case.   Doc. Nos. 7, 10.

On August 19, 2016, the parties filed a motion indicating that they had settled this case, and requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 22.   The motion for settlement approval was denied without prejudice because it was not supported by a fully executed copy of the settlement agreement.   Doc. No. 23.   In denying the motion for settlement approval, I noted that, despite the parties' representation that Aldecoa had not compromised her claim, the fact that she had relinquished her claim for liquidated damages meant that she had, in fact, compromised her claim. I also expressed concern that the parties had apparently agreed to a confidentiality provision and a general release.   Finally, I noted the great disparity between the amount to be received by Aldecoa ($1,000) and the amount to be received by her attorneys ($5,000).   Given that Aldecoa had compromised her claim, I ordered that any renewed motion for settlement approval should be supported by sufficient documentation to allow the Court to determine whether the attorneys' fees being paid in this case were reasonable and by evidence of costs actually incurred.[2]   *Id.*

On October 3, 2016, the parties filed the above-captioned renewed motion for settlement approval.   Doc. No. 24.   They attached to the motion a fully executed copy of the Settlement Agreement and Release of Claims ("Settlement Agreement") between Aldecoa and Grewal Enterprises.   Doc. No. 24-1.   The parties stipulate to an order approving their settlement and dismissing this case with prejudice.   Doc. No. 24, at 1.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department

---

[2] I specifically ordered that a renewed motion should be supported by time sheets showing actual time worked, evidence of actual expenses incurred, and evidence of counsel's reasonable hourly rate.   Doc. No. 23 at 3-4.

of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3]   If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorneys' fees to a reasonable amount.   *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorneys' fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.   DISCUSSION.

### A.   *Terms of the Settlement Agreement.*

The Settlement Agreement provides that, in exchange for voluntarily dismissing her FLSA overtime claim with prejudice, Aldecoa will receive $1,000—consisting of $834.55 for unpaid overtime wages and $156.45 in liquidated damages.   Doc. No. 24-1, at 4.[4]   The parties explain

---

[3] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[4] Throughout, references to the pages numbers of the Settlement Agreement are to the numbers assigned by CM/ECF when the document was filed electronically, not to the page numbers

that, when they initially settled this case, $156.45 was designated as consideration for Aldecoa's execution of a confidentiality agreement and general release.   However, after the Court denied their initial motion for settlement approval, the parties eliminated the confidentiality and general release provisions from the Settlement Agreement and re-allocated the $156.45 to liquidated damages. Doc. No. 24, at 4 n. 1.   In addition, Grewal Enterprises will pay $5,000 to Morgan & Morgan, P.A., representing attorneys' fees and costs.  Doc. No. 24-1, at 4.   Aldecoa's counsel did not submit evidence of these fees and costs but represents that, to date, total costs are $849.04.   Doc. No. 24, at 4.

      *B.      Whether the Settlement Agreement is a Compromise.*

In her answers to the Court's FLSA Interrogatories, Aldecoa estimated that she was owed $843.35, not including liquidated damages.  Doc. No. 19, at 2.  Once liquidated damages are included, this amounts to a claim for at least $1,686.70.   Thus, because Aldecoa will receive under the Settlement Agreement less than the amount she averred that she was entitled to under the FLSA, I recommend that the Court find that she has compromised her claim within the meaning of *Lynn's Food*.

The parties argue that Aldecoa has not compromised her claim, explaining that in the course of settlement discussions, the parties recognized that the alleged overtime violations were likely not willful or reckless, but rather the result of a clerical mistake within Grewal Enterprises' payroll system.   Thus, they explain, there was a genuine issue as to whether full liquidated damages would be appropriate in this case.   Doc. No. 24, at 3-4.   I recommend that the Court reject this argument. That the parties agreed that there was a genuine issue as to whether Aldecoa would be entitled to full liquidated damages does not mean that she has not compromised her claim—indeed, her

---

at the bottom of the pages on the original document.

acceptance of a reduced amount to reflect the uncertainty of success on her claim for liquidated damages is a classic example of a plaintiff compromising her claim.

C.       *Whether the Settlement is Fair and Reasonable.*

Because Aldecoa has compromised her FLSA claim, the Court must evaluate whether the settlement is fair and reasonable.   Counsel indicate that there are disputed issues, including whether Aldecoa was paid for all hours worked and whether Aldecoa is entitled to liquidated damages.   Doc. No. 24, at 3.   Thus, there are *bona fide* disputes regarding Aldecoa's FLSA claim.

The parties represent that they participated in settlement discussions.   *Id.* at 3-4.   Both parties were represented by competent counsel in an adversary context.   *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").   Under these circumstances, I recommend that the Court find that the Settlement Agreement is a reasonable compromise of a *bona fide* dispute under the FLSA.

D.       *Attorneys' Fees and Costs.*

Because Aldecoa has compromised her FLSA claim, the Court must consider whether the payment to her attorneys is reasonable to ensure that the attorneys' fees and costs to be paid did not improperly influence the amount Aldecoa agreed to accept.   In this case, Aldecoa's counsel will receive $5,000, which is five times the amount Aldecoa will receive.   Doc. No. 24-1, at 4. Although counsel represent that this amount was negotiated separately from Aldecoa's recovery and without regard to the amount paid to Aldecoa, Doc. No. 24, at 4-5, the disparity between the amount to be paid to Aldecoa and the amount to be paid to her attorneys causes concern that the amount of attorneys' fees and costs tainted the amount Aldecoa agreed to accept to settle her FLSA claim.[5]

---

[5] On this point, I note that *Bonetti* did not apply to costs, and the parties' representation that

This case settled before the parties commenced formal discovery, making both the total amount of fees and the amount of claimed costs ($849.04) seem high without further explanation.

I made the parties aware of my concern about whether the fees to be paid to Aldecoa's attorneys were reasonable when I denied their first motion for settlement approval. Indeed, I ordered that any renewed motion be supported by sufficient documentation to allow the Court to determine whether the attorneys' fees being paid in this case were reasonable and by evidence of costs actually incurred. Doc. No. 23. The parties ignored that order and have not submitted any documentation to support the $5,000 to be paid to Aldecoa's attorneys. Absent documentation, I recommend that the Court decline to find that the amount to be paid to Aldecoa's attorneys is reasonable and deny the parties' renewed motion for settlement approval.

E.     Whether Other Provisions Render the Settlement Agreement Unfair.

If, however, the Court finds that the amount to be paid to Aldecoa's attorneys is reasonable even in the absence of documentation, I recommend that the Court consider whether other provisions render the Settlement Agreement unfair, as discussed in the remainder of this section.

Paragraph 16 of the Settlement Agreement contemplates that the agreement may be modified in writing by the parties. Doc. No. 24-1, at 8. The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. Nevertheless, paragraph 8 of the Settlement Agreement contains a severance clause, which provides that, if the Court determines any provision to be illegal or invalid, the remaining parts of the agreement remain effective. *Id.* at 5. Therefore, I recommend that the Court strike the portion of paragraph 16 of

---

the amount of costs to be paid was negotiated separately and apart from Aldecoa's settlement amount does not automatically exempt the costs to be paid from scrutiny.

the Settlement Agreement that provides for amendment of the agreement "upon express written consent of all Parties wherein specific reference is made to this Agreement." *Id.* at 8.

Second, the Settlement Agreement does not confine its release to the claim stated in this lawsuit. Instead, it includes other, non-FLSA wage claims. Specifically, the Settlement Agreement releases Grewal Enterprises and some non-parties from all claims

> Plaintiff has arising out of or related to the payment of wages during [her] employment with Defendant, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages.

Doc. No. 24-1, at 3.

There appears to be a split of authority within the district as to whether such a release is acceptable under *Lynn's Food*. Some judges in this district have found that, when a plaintiff has raised only FLSA claims in her complaint, a release that goes beyond those claims prevents the Court from approving a settlement under *Lynn's Food*. *See, e.g.*, *Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding that, when the plaintiff only raised a claim for unpaid overtime under the FLSA, the release of wage claims under the FMWA and Florida Constitution made the release "per se unreasonable under *Lynn's Food* because it confer[red] an undeserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute"); *Espinal v. Garda CL Se., Inc.*, No. 6:14-cv-609-Orl-37KRS, Doc. No. 28, at 4 n.1 (M.D. Fla. June 23, 2014) (finding a release of all wage and overtime claims under the Florida Constitution and FMWA "unenforceable and severed to the extent it requires the release of wage and overtime claims for damages that were not recoverable under the FLSA"). Other judges in this district have, however, found that similar releases do not prevent a finding that the settlement is fair and reasonable. *See, e.g.*, *Cooper v. Garda CL Se., Inc.*, No. 6:15-

cv-1677-40KRS, 2015 U.S. Dist. LEXIS 169481, at *3–4 (M.D. Fla. Dec. 18, 2015) (approving the release of wage and overtime claims under the FLSA, Florida Constitution, and FMWA when the complaint asserted only an FLSA overtime claim); *Heath v. Hard Rock Café Int'l (STP), Inc.*, No. 6:10-cv-344-Orl-28KRS, 2011 U.S. Dist. LEXIS 135286 (M.D. Fla. Oct. 28, 2011) (determining, in a case concerning FLSA minimum wage and various other state claims, that a release of "[a]ll claims relating to tip distribution practices and any and all other wage and hour claims" did not constitute an impermissible "side deal"), *adopted by* No. 6:10-cv-344-Orl-28KRS, Doc. No. 69 (M.D. Fla. Nov. 23, 2011).   The presiding District Judge in this case has held that a release of all past wage claims does not undermine the fairness of an FLSA settlement.   *Cooper*, 2015 U.S. Dist. LEXIS 169481, at *3–4.

Accordingly, if the Court concludes, as it did in *Cooper*, that the release is permissible in scope, I recommend that the Court find that the settlement is a fair resolution of Aldecoa's FLSA claim.   Alternatively, if the Court concludes that the release is impermissible in scope, I recommend that the Court deny the motion for settlement approval.

**IV.     RECOMMENDATIONS.**

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court find that the amount to be paid to Aldecoa's attorneys is not reasonable and **DENY** the Renewed Joint Motion for Approval of the Settlement and Dismissal of Claims with Prejudice (Doc. No. 24)**.**

If, however, the Court determines that the amount to be paid to Aldecoa's attorneys is reasonable, I **RESPECTFULLY RECOMMEND** that the Court **DETERMINE** whether any of the provisions of the Settlement Agreement render the settlement unfair under *Lynn's Food* for the reasons stated above.

If the Court determines that the provisions do not render the Settlement Agreement unfair, then I further **RECOMMEND** that the Court do the following:

1.      **STRIKE** the language allowing subsequent written modification of the Settlement Agreement from paragraph 16 of the agreement;

2.      **FIND** that the settlement of the FLSA claim, as modified, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, *Lynn's Food Stores*, 679 F.2d at 1354;

3.      **GRANT in part** the Renewed Joint Motion for Approval of the Settlement and Dismissal of Claims with Prejudice (Doc. No. 24), without reserving jurisdiction to enforce it;

4.      **PROHIBIT** counsel for Aldecoa from withholding any of the amounts payable to Aldecoa under the Settlement Agreement; and,

5.      **DISMISS** the case with prejudice, and **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that any of the provisions of the Settlement Agreement renders the agreement unfair under *Lynn's Food,* I **RESPECTFULLY RECOMMEND** that the Court **DENY** the Renewed Joint Motion for Approval of the Settlement and Dismissal of Claims with Prejudice (Doc. No. 24).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 26, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy